Gurung v. Barr

BIA
Kolbe, IJ
A208 151 434

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty.

PRESENT:
          JON O. NEWMAN,
          DEBRA ANN LIVINGSTON,
          RICHARD J. SULLIVAN,
               *Circuit Judges.*

_____

RADHA MAYA GURUNG,
          *Petitioner,*

          v.                                   17-4082
                                               NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New
                       York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Claire L.
                       Workman, Senior Litigation
                       Counsel; Nelle M. Seymour, Trial
                       Attorney, Office of Immigration
                       Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Radha Maya Gurung, a native and citizen of Nepal, seeks review of a December 4, 2017, decision of the BIA affirming a March 20, 2017, decision of an Immigration Judge ("IJ") denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Radha Maya Gurung,* No. A208 151 434 (B.I.A. Dec. 4, 2017), *aff'g* No. A208 151 434 (Immig. Ct. N.Y. City Mar. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA's opinion "closely tracks the IJ's reasoning," we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's findings of fact under the substantial evidence standard. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Under this standard, "[w]e treat factual findings as 'conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The agency did not err in concluding that Gurung failed to satisfy her burden of proof for asylum, withholding of removal, and CAT relief based on her claim that Maoists threatened her and beat her mother to force them to leave the Nepali Congress Party for the Maoist Party. To establish eligibility for asylum, an applicant must show that she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i).

Past Persecution

A valid past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006)(citing *Chen v. INS*, 359 F.3d 121, 128–29 (2d Cir. 2004)), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)(citing *Chen*, 359 F.3d at 128). In evaluating a past persecution claim, the agency must consider the harm

3

suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency did not err in finding that Gurung's experiences in Nepal did not constitute persecution. Gurung's claim of past persecution rested on unfulfilled threats directed at her, and an incident during which her mother was forced to attend a Maoist meeting and beaten on the way to the meeting. These incidents, even considered cumulatively, did not constitute persecution against Gurung. *See Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412-13 (2d Cir. 2006) (recognizing that unfulfilled threats do not amount to persecution)*; Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (providing that an asylum applicant cannot establish persecution based on harm to a family member unless the applicant shared or was perceived to share the persecuted characteristic with the family member, was "within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident").

Well-Founded Fear of Future Persecution

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). To

4

establish a well-founded fear of persecution, an applicant must show that she "subjectively fears persecution" and that "h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004)(citing *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir. 1999)).

The agency reasonably determined that Gurung's fear of persecution in Nepal was not objectively reasonable. Gurung's testimony about her most recent threats lacked any details about how and why she believed they were politically motivated. Further, there was no country conditions evidence in the record indicating that Maoist violence remains a widespread problem or that Maoists target Nepali Congress Party members such as Gurung.

On this record, the agency reasonably concluded that Gurung failed to establish a well-founded fear of persecution. *See Ramsameachire*, 357 F.3d at 178; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best.")(citing *INS v. Cardoza-Fonesca*, 480 U.S. 421, 440 (1987)). Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the

5

same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court